

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 14, 1967

OVERRULED BY
Calvert vs.
Engineers & Fabricators, In
440 SW 2d 320
Writ Ref. n.r.e., 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-132

Re: Limitation periods
for deficiency deter-
minations and suits
to collect Limited
Sales, Excise and Use
taxes.

Dear Mr. Calvert:

You have requested our opinion on the following question:

Under the provisions of the Limited Sales, Excise and Use
Tax Act (Chapter 20, Title 122A, Taxation-General, Vernon's
Civil Statutes) as modified by Article 1.045 (added as a new
article in Title 122A by H.B. 144, Acts 60th Leg.R.S. 1967,
ch. 448, p. 1019, effective July 1, 1967), must a suit for
delinquent sales or use tax be brought within four years after
the tax is due and payable, or does the Comptroller have four
years in which to issue a deficiency determination and there-
after have an additional period of time in which to bring suit?

You state that before the enactment of Article 1.045 it
was your position that you had four years in which to make a
deficiency determination and thereafter an additional three
years in which to bring suit. This position was derived from
paragraph (D)(1) of Article 20.06 and paragraph (G)(1) of Article
20.09. The former imposes a four-year limitation period for
deficiency determinations, while the latter provides that if
"any amount required to be paid to the State under this Chapter
is not paid when due, the Comptroller may, within three (3)
years after the amount is due," file suit. Your position was
that the amount of a deficiency determination was not "due"
until the date specified in paragraph (E) of Article 20.08,
and therefore the suit limitation period did not begin until
that date. Although there are no Texas cases on the point,
the position was supported by three cases of courts of Cali-
fornia, whose sales and use tax statutes contain similar limi-
tation provisions. People v. West Pub. Co., 216 P.2d 441(1950);
People v. Hochwender, 124 P.2d 823(1942) People v. Nymer, 163 P.2d
92(1945).

- 611 -

Paragraph (A) of Article 1.045 provides that, with certain exceptions, the Comptroller shall "assess" any tax imposed by Title 122A within seven years from the date "such tax is due and payable," and that he may bring suit within the same period, but that no action may be commenced after seven years "(or such other shorter period of time as may be provided in this Title) from the date such tax is due and payable". (Underlining added.) However, paragraph (B) of Article 1.045 provides:

> "For the purpose of the Limited Sales, Excise and Use Tax imposed by Chapter 20 of this Title, the period of time provided by this Article shall be four (4) years, and any provision of Chapter 20 to the contrary is hereby repealed to the extent of such conflict."

While Article 1.045 speaks of "assessment" and Chapter 20 speaks of "determination", it seems clear that a "determination" is an "assessment" as that term is used in Article 1.045. Paragraph (A) of Article 1.045 makes the limitation period for both assessments and suits to begin to run when the tax is due and payable. Paragraph (B) then expressly makes such period four years for the purpose of the tax imposed by Chapter 20. In view of the express repeal of any conflicting provision of Chapter 20, we believe the "four plus three" position is no longer tenable. This follows since the position depended on the limitation period for suit beginning on the due date of the determination, whereas Article 1.045 now expressly makes the limitation period for bringing suit to begin on the due date of the tax.

There is the further question of the effect of the "shorter period of time" provision of paragraph (A) of Article 1.045, in view of the fact that the suit limitation period of Chapter 20 had been three years. However, the anomaly of providing that the period for making a determination is four years but that suit can be brought only during the first three years of that period is avoided by the provision of paragraph (B) of Article 1.045 that any provision of Chapter 20 is repealed to the extent of the conflict.

In answer to your question, it is our opinion that the effect of paragraph (B) of Article 1.045 is to limit the time within which a deficiency determination of the tax imposed by Chapter 20 can be made to a period of four years beginning when the tax is due and payable, and that suit to collect such tax must be brought within the same period, except in the situations provided for in paragraphs (A)(1), (A)(2), (A)(3), (C), (E) and (F) of Article 1.045.

Honorable Robert S. Calvert, page 3 (M-132)

### SUMMARY

The effect of paragraph (B) of Article 1.045, Title 122A, Taxation General, Vernon's Civil Statutes, is to limit the time for deficiency determination and suit to collect the tax imposed by Chapter 20 thereof to the same period of four years beginning with the date the tax is due and payable, except in certain situations provided for in other paragraphs of Article 1.045.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

NW:dls

Prepared by Neil Williams
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Bill Allen
Dyer Moore, Jr.
Malcolm Quick
John Reeves
W. V. Geppert

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.